*Steerman* vs. *The State.*

## STEERMAN vs. THE STATE.

The provision of the act regulating practice in criminal cases, which authorises the trial of a person guilty of larceny in this State, on board of any vessel in the course of any voyage, to be had in any county through which such vessel shall pass, or at which such voyage shall terminate, is constitutional.

## APPEAL from St. Louis Criminal Court.

HENDERSON, *for Appellant.*

It is contended on the part of the appellant, that the judgment of the St. Louis Criminal court in this case ought to be reversed, and the prisoner discharged upon the points following:

1st. The State did not prove the *venue* as laid in the indictment.
2nd. The defendant was *charged with one offence and tried for another.*
3rd. The *law* upon which the indictment is founded is *unconstitutional.*

STRINGFELLOW, *Atty. Gen., for the State.*

1. That the indictment is in proper form, so far as the record shews.
2. The bill of exceptions does not set out all the evidence. From aught that appears in the record, the defendant may have had possession of the goods stolen in the county of St. Louis.— The question as to the jurisdiction of the court or the constitutionality of the act regulating the practice in criminal cases cannot be raised on the record.

The evidence not being preserved on the record, the court cannot look into the verdict.

McBRIDE, J., *delivered the opinion of the Court.*

At the January term, 1846, George W. Steerman was indicted by the grand jury of St. Louis county, for grand larceny, and on a trial being had, was found guilty. He then filed a motion to set aside the verdict and grant him a new trial, for the following reasons:

1. Because the instructions of the court to the jury were erroneous.

2. Because the court refused to give the instructions asked by the counsel for the said defendant.

3. Because there was a material variance between the charge and the proof in the indictment.

4. Because the verdict was against the evidence.

5. Because this court has not jurisdiction of the offence as proved, the same not being committed on a river within the State of Missouri; which being overruled by the court, the defendant excepted, and judgment having been entered against him, he has brought the case here by appeal.

The indictment charges, "that George W. Steerman and Abraham Chavoisse, late of said county, laborers, on the first day of October last past, at St. Louis county aforesaid, one black cloth coat of the value of $30; one black satin vest of the value of $8, &c., &c., enumerating divers articles of clothing, a watch and money amounting in all to $880; all the goods, chattles, money and property of one Adam B. Chambers, then and there being found, feloniously did steal, take and carry away, contrary to the form of the statute, &c."

The bill of exceptions contains the following summary of the evidence given upon the trial in the criminal court. The State proved that Geo. W. Steerman the defendant, stole the property charged in the indictment against said defendant, as the property of Adam B. Chambers, and the said property was stolen by said defendant on board the steamboat *Die Vernon*, on her trip down the Mississippi river, from Quincy, in the State of Illinois, to St. Louis city; and that said larceny was committed by said defendant during the month of October last, either whilst said *Die Vernon* was at the landing in Clarksville, in Pike county, Mo., or it was committed by said defendant on board of said steamboat, a short time after said boat had left Clarksville, in Pike county, Mo., on its voyage down the said Mississippi river to the city of St. Louis.

The counsel for the defendant then asked the court to instruct the jury: "That if they believe from the evidence that the property charged in the indictment against the defendant on the trial, as the property of

one Adam B. Chambers, was taken out of the county of St. Louis, where the venue of said larceny is laid, they will aquit the defendant on the said indictment in its present form." Which said instruction the court refused to give, whereupon the defendant excepted.

In lieu of the foregoing instruction the court charged the jury, "that if you shall believe from the evidence that the defendant did steal the property mentioned in said indictment, or any part thereof, amounting to the sum of ten dollars or upwards, you will find him guilty, although you may believe that the said goods were stolen on board of a steamboat in the course of any voyage or trip, which terminated in St. Louis county, and that they were so taken between the stoppage of the boat at any point in this State, and the point of destination, (if that destination was St. Louis.) If you find the defendant guilty, you will fix his punishment by imprisonment in the Penitentiary for a term not more than five years. If you find him guilty, you will state in your verdict the value of the property stolen, and whether the same or any part of the same was returned." To the giving of which the counsel for the defendant excepted.

The indictment in this case is founded upon the 6th sec. 4th art. of the act to regulate proceedings in criminal cases. R. C., 1845, page 868, which reads as follows :

"When any offence shall have been committed within this State, on board of any vessel in the course of any voyage or trip, an indictment for the same may be found, and a trial and conviction thereon had in any county through which, or any part of which, such vessel shall be navigated in the course of the same voyage or trip, or in the county where such voyage or trip shall terminate, in the same manner and with like effect as in the county where the offence was committed."

The question raised by the instruction asked for by the defendant, is whether the venue laid in the indictment is sustained or made out by the proof. The venue is laid in St. Louis county, and the evidence is that the theft was committed either in Pike county in this State, or on the Mississippi river, at some point between Clarksville and St. Louis.

The counsel for the defendant has referred us to no authority to sustain his objection. It is a common law rule that the venue must be proved as laid, and hence the forms in the books; but it is competent for the General Assembly, to change, modify or alter the common law principle, and a reference to the section of the statute above cited, will show that a change has been made on this subject. This section is not the only anomaly in our criminal code, as for instance, the receiver of personal

33

property that shall have been feloniously stolen, taken or embezzled, may be indicted, tried and convicted, in any court in this State, where he received or had such property, no matter where the theft was committed. So also, where a mortal wound shall have been inflicted in one county, and death ensues in another, the indictment, trial, &c., may be had in either county; and where the wound is inflicted in another State, and death takes place in this State, the indictment may be found in the county where the death happened. And a number of other similar statutory provisions might be cited, passed by the law making power of the State, and which we apprehend it was fully competent for them to pass. 2 Pick. R., 551.

We see no objection to the instructions given by the court to the jury. Judge NAPTON concurring, the judgment is affirmed.